UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BOBBY GIBSON, | ) |
| Petitioner, | ) ) ) |
| v. | ) CAUSE NO. 3:17-CV-814 RLM-MGG ) |
| WARDEN, | ) ) |
| Respondent. | ) |

OPINION AND ORDER

Bobby Gibson, a prisoner without a lawyer, filed a habeas corpus petition challenging his disciplinary hearing (CIC 17-01-428) at the Correctional Industrial Facility on February 2, 2017, where a disciplinary hearing officer found him guilty of refusing to submit a urine sample for a drug test in violation of Indiana Department of Correction policy B-203. He lost 30 days earned credit time. In his petition, Mr. Gibson presents one ground. He argues that prison officials failed to follow the Department of Correction's Offender Urinalysis Program Manual of Policies and Procedures (Policy Number 01-02-0107) when they refused to give him a second urine test when his initial urine sample proved to be inadequate. Habeas corpus relief can only be granted for "violation[s] of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Failure to follow policy isn't a constitutional violation. Estelle v. McGuire, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); Keller v.

Donahue, 271 F. App'x 531, 532 (7th Cir. 2008) (inmate's claim that prison did not follow internal policies had "no bearing on his right to due process").

An inmate violates B-203 when he "[r]efus[es] to submit to any testing or sampling required by statute (e.g., DNA sampling) or refus[es] to submit to a test to determine the presence of alcohol or a controlled substance as ordered by staff, including failure to provide an adequate . . . specimen for testing purposes." Adult Disciplinary Process, Appendix I. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. Mr. Gibson says he didn't refuse to submit to a urine test. He says he asked for a new specimen cup to provide a second urine sample when prison officials determined the temperature of his initial sample did not read "high enough." *Id.* A violation of B-203 doesn't require an intentional refusal to provided a sample. "[F]ailure to provide an adequate . . . specimen for testing purposes" is all that is required. Mr. Gibson doesn't dispute that his initial specimen was inadequate for testing. "[T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks and citations omitted). There is no indication that the finding of guilt was unsupported or arbitrary.

For these reasons, the court DENIES the petition pursuant to Section 2254 Habeas Corpus Rule 4 and the clerk is directed to CLOSE this case.

SO ORDERED on January 30, 2018

    /s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT